**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| BOBBY AYCOCK, JR.,<br>*Plaintiff*,<br>v.<br>UNITED STATES DEPARTMENT OF AGRICULTER OFFICE OF INSPECTOR GENERAL<br>*Defendant*. | **Case No. ____________**<br>**COMPLAINT UNDER THE FREEDOM OF INFORMATION ACT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

## INTRODUCTION

Plaintiff, Bobby Aycock, Jr. Plaintiff, submitted a Freedom of Information Act ("FOIA") request to Defendant United States Department of Agriculture Office of Inspector General ("Defendant" or "USDA OIG) on September 5, 2025, for records concerning a complaint filed with the USDA OIG about Plaintiff's crop insurance policy. Defendant has failed to make a determination on the FOIA request and failed to disclose the requested documents within the time prescribed by FOIA. Therefore, Plaintiff now files this action for injunctive and other appropriate relief under the Freedom of Information Act, 5 U.S.C. § 552.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 5 U.S.C. §§ 552(a)(4)(B), (6)(C)(i) and 28 U.S.C. § 1331.
2. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) because Plaintiff resides in this district.

## PARTIES

3. Plaintiff, Bobby Aycock, Jr. submitted a FOIA request to USDA OIG through his lawyers on September 5, 2025. He is a resident of New Madrid County, Missouri.

4. Defendant USDA OIG is a component agency of the United States Department of Agriculture ("USDA") and an agency of the United States under 5 U.S.C. § 552(f)(1). Among other duties, USDA OIG is responsible for investigating claims of crop insurance fraud. USDA OIG has responsive records in its possession, custody, and control. Defendant is charged with the duty to provide public access to records in its possession consistent with the requirements of FOIA.

## STATEMENT OF FACTS

5. On September 5, 2025, Plaintiff, through his lawyers, filed a FOIA request ("Request" or "FOIA Request") with USDA OIG for records relating to a false report to the USDA OIG that Plaintiff committed crop insurance fraud for Policy Number 704614 and complaint case number CRCO-2025-00025. The FOIA Request complied with USDA OIG's FOIA requirements and is attached as Exhibit A.

6. In an email dated September 5, 2025, USDA OIG confirmed receipt of Plaintiff's FOIA Request and assigned the Request a control number, 25-FOIA-00207. The agency's confirmation of receipt is attached as Exhibit B.

7. As of this date, USDA OIG has failed to respond to Plaintiff's request.

8. Under FOIA, an agency is required to make an initial "determination" with regard to a request within twenty business days of its receipt. *See* 5 U.S.C. § 552(a)(6)(A)(i).

9. If there are "unusual circumstances," as defined by statute, an agency may extend the time to make its determination by no more than ten working days. *See* 5 U.S.C.

§ 552(a)(6)(B)(i).

10. USDA OIG thus far has failed to produce any responsive agency records to Plaintiff and the statutory period for an agency response has expired. USDA OIG similarly has failed to communicate the scope of the documents it intends to produce and its reasons for withholding any documents.

## CAUSES OF ACTION

### COUNT ONE
**Violation of the Freedom of Information Act, 5 U.S.C. § 552**
**for Failure to Respond Within the Time Required**

11. Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

12. Under the FOIA, Defendants were required to respond to Plaintiff's FOIA request and to notify Plaintiff of the agency's determination within thirty working days after receiving the request. 5 U.S.C. § 552(a)(6)(A), (6)(B).

13. Defendants' failure to make the requisite determination and to communicate it to the Plaintiff within the time allowed by the statute violates the FOIA. 5 U.S.C. § 552(a)(6)(A)(i).

### COUNT TWO
**Violation of the Freedom of Information Act, 5 U.S.C. § 552**
**for Failure to Conduct an Adequate Search**

14. Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

15. Defendants have violated their obligation under the FOIA by failing to make a reasonable effort to search for records responsive to Plaintiff's request. 5 U.S.C. § 552(a)(3)(C).

### COUNT THREE
**Violation of the Freedom of Information Act, 5 U.S.C. § 552;**

**Wrongful Withholding of Records**

16. Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

17. Defendants are wrongly withholding agency records by failing to produce non-exempt records responsive to Plaintiff's FOIA request and by failing to segregate and produce non-exempt records responsive to Plaintiff's FOIA request.

18. Defendants are obligated under 5 U.S.C. § 552(a)(3)(A) to promptly produce records responsive to the Plaintiff's FOIA request.

19. Plaintiff has a legal right to obtain such records, and no legal basis exists for Defendants' failure to disclose them.

20. Defendants' failure to disclose all responsive records violates their statutory obligations to make requested records promptly available to the public. 5 U.S.C. § 552(a).

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Assume jurisdiction in this matter and maintain jurisdiction until Defendant complies with FOIA and every order of this Court;
2. Declare that Defendant's failure to make a timely determination with regard to Plaintiff's Request violates FOIA, 5 U.S.C. §§ 552(a)(6)(A)(i) and (B);
3. Order Defendant to expeditiously conduct an adequate search for all records responsive to Plaintiff's FOIA Request in accordance with 5 U.S.C. § 552(a)(3)(C);
4. Declare that Defendant's failure to promptly disclose the records responsive to Plaintiff's Request violates FOIA, 5 U.S.C. § 552(a)(3)(A);
5. Order Defendant to expeditiously disclose all responsive, non-exempt records and enjoin

Defendant from improperly withholding records;

6. Award Plaintiff his attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

7. Grant such other relief as the Court may deem just, equitable, and appropriate.

Dated this 31 day of August, 2026.

Respectfully Submitted,

/s/ Dustin L. Mayer

Dustin L. Mayer #64009
MAYER LAW OFFICE
PO Box 326
130 E. Stoddard
Dexter, Missouri 63841
Phone: (573) 624-7876
Fax: (573) 624-7810
dustin@mayerlawoffice.com
Attorney for Plaintiff